UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                    ) | 3:06-CR-106 AS |
| ) | |
| DEREK SCOTT DAVEY                       ) | |

## MEMORANDUM OPINION AND ORDER

Before this Court is Defendant, Derek Scott Davey's, Motion to Withdraw Plea of Guilty ("Motion to Withdraw") (Docket No. 34) filed by counsel on May 22, 2007. Derek Scott Davey ("Defendant" or "Davey") filed the Motion to Withdraw pursuant to Fed. R. Crim. P. 11(d)(2)(B) requesting this Court to withdraw his plea of guilty filed and entered on March 8, 2007. On July 2, 2007, the United States of America ("Government") filed its Opposition to Defendant's Motion to Withdraw ("Gov't Opp.") (Docket No. 41). An evidentiary hearing and oral arguments were heard on the motion in South Bend, Indiana on July 9, 2007, where thereafter the Court ordered further briefing on the motion. The Government submitted its supplemental memorandum in opposition to Defendant's Motion to Withdraw ("Gov't Supp. Opp.") on July 30, 2007 (Docket No. 46), and the Defendant filed his supplemental memorandum in support of his Motion to Withdraw ("Def. Supp. Motion to Withdraw") on July 31, 2007 (Docket No. 47). The Court takes judicial notice of the entirety of the record, and after carefully considering the circumstances and evidence presented in this case and the arguments posed by counsel, now rules that Defendant has failed to show a fair and just reason for requesting the

withdrawal of his guilty plea.  Therefore, for the reasons that follow, Defendant's Motion to Withdraw (Docket No. 34) is **DENIED**.

## I.  PROCEDURAL HISTORY

The Defendant was charged in Count One of a 1-count Complaint filed by the United States Attorney's Office for the Northern District of Indiana on August 19, 2006. On September 14, 2006, a grand jury in this district returned a 1-Count Indictment, charging the Defendant with a violation of 18 U.S.C. § 2422(b).  Specifically, Count One of the Indictment alleges that on or about August 18, 2006, Derek Scott Davey used the mail or any facility or means of interstate or foreign commerce, to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be prosecuted to wit: Sexual Misconduct with a Minor under Ind. Code 35-42-4-9.  Having retained Mr. James Korpal as counsel, Defendant entered into a plea of guilty as to Count 1 on March 8, 2007.  This Court conducted the change of plea hearing on that day with the Defendant placed under oath, and accepted the plea of guilty to the indictment and the plea agreement.  On or about May 1, 2007, Mr. Tony Zirkle entered his appearance as counsel for Defendant, and thereafter, on May 14, 2007, Mr. Korpal withdrew his appearance.  On May 22, 2007, Defendant filed his Motion to Withdraw.

## II.  DISCUSSION

Fed. R. Crim. P. 32(e) permits a defendant to withdraw a guilty plea on a showing of "any fair and just reason."  Fed. R. Crim. P. 11(d)(2)(B) also states that a Defendant "may withdraw a plea of guilty or nolo contendere . . .after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal."  However, this does not grant a defendant an absolute freedom to withdraw a guilty plea.  *United States. v. Salgado-Ocampo*, 159 F.3d 322, 324-25 (7th Cir. 1998), *as amended* (citations omitted).  When, as here, the Defendant wishes to withdraw his plea after he states at the Rule 11 hearing held on March 8, 2007, that the plea was given freely and knowingly[1], he faces an uphill battle in persuading the judge that his purported reason is fair and just.  *Id.*  The burden of demonstrating a "fair and just reason" falls on the Defendant, and that burden is substantial.  *United States v. Hyde*, 520 U.S. 670, 676-77 (1997); *See also, United States v. Underwood*, 174 F.3d 850, 852-53 (7th Cir. 1999) (holding that the decision whether to permit withdrawal is one committed to the district court's discretion and the Seventh Circuit will uphold the denial of a motion to withdraw a guilty plea unless that discretion is abused).

Defendant contends that the Motion to Withdraw should be granted on the following basis: (1) the Defendant received ineffective assistance of counsel (where Defendant alleges that Mr. Korpal stated that he did not know how to represent the

---

[1] *See* Gov't Opp. at 3 (citing Guilty Plea Tr. at 3 and 9).

3

Defendant and that the Defendant could not win; counsel did not adequately research the facts, issues, and defenses; counsel failed to raise an Eighth Amendment challenge to the mandatory minimum ten year sentence under 18 U.S.C. 2422(b) that is now imposed as a result of the Adam Walsh Act passed in 2006; counsel did not charge enough money for the representation of Defendant's case; and, because Defendant received advice from some other un-retained counsel situated in Michigan that Defendant should enter the plea and then later try to withdraw the plea); (2) the Defendant was induced to enter the plea agreement through a threat of a significantly increased sentence from the prosecutor; (3) the plea contains an insufficient factual basis for an "attempt" crime under Indiana law; (4) the plea agreement is illusory in that under the Guidelines the Defendant received no benefit in the agreement; and, (5) Defendant claims he is actually innocent.

"Central to the plea and the foundation for entering judgment against the defendant is the defendant's admission in open court that he committed the acts charged in the indictment . . .[b]ut the plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial-a waiver of his right to trial before a jury or a judge. Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). As in *Brady*, and as detailed below, on neither score was Defendant Derek Davey's plea of guilty invalid. Further, Davey's plea agreement contained a sufficient

4

basis for an attempted crime under Indiana law, the plea agreement was not illusory, and Davey's alleged innocence contradicts the record.

### 1) Ineffective Assistance of Counsel

Ineffective assistance of counsel renders a guilty plea involuntary, *Hill v. Lockhart,* 474 U.S. 52, 57 (1985), and thus is also a valid basis for withdrawing a guilty plea. *United States v. Wallace,* 276 F.3d 360, 360 (7th Cir. 2002), *cert. denied*, *as cited by United States v. Carroll,* 412 F.3d 787, 793 (7th Cir. 2005). To show ineffective assistance, a defendant must demonstrate both that counsel's performance was "objectively unreasonable" and that, but for counsel's errors, the defendant would not have pleaded guilty. *Carroll,* 412 F.3d at 793 (citing *Hays v. United States,* 397 F.3d 564, 568 (7th Cir.2005), *cert. denied*). "This test is 'highly deferential' to counsel and presumes reasonable judgment and effective trial strategy." *Id.* (citation omitted).

Other than Davey's bald assertions of ineffective assistance, the statements made during the Rule 11 colloquy and the testimony presented during the evidentiary hearing do not support Davey's allegations that he received ineffective assistance of counsel.

First, Davey alleges that Mr. Korpal was ineffective because Mr. Korpal stated that he did not know how to represent Davey and that he could not win.  Further, Davey argues that Mr. Korpal did not adequately research the facts, issues, and defenses.

Mr. Korpal has practice law for almost 29 years.  Mr. Korpal testified that it is his practice to tell defendant's the negatives and positives about the case.  Even assuming

5

that Mr. Korpal told Davey that Davey would likely get ten years if he plead guilty, but that he would get twenty years if the case went to trial because Davey would lose - this is not objectively unreasonable.  In fact, the Government acknowledged that it would have been free to request a sentence anywhere from ten years to life imprisonment, if Davey went to trial and was found guilty; and, Davey admitted that he knew his sentence could fall anywhere in that range.  Mr. Korpal and Davey both testified that Mr. Korpal made Davey aware of the consequences of pleading, as well as discussed the penalties of the offense, including the minimum and the maximum.  Mr. Korpal admitted that he told Davey that the sentence was not within his control, but that it would be unlikely that Davey would get more than ten years if the plea was accepted.  Further, Davey testified that he had previously reviewed the facts listed in the Plea Agreement on page three, and Davey admitted that there was nothing listed in the facts that he disagreed with.

Furthermore, Mr. Korpal admitted that he thought entrapment was the only potential defense, but that he did not think that the facts of the case or the Seventh Circuit case law would support an entrapment instruction after thoroughly researching the possible defense.  Mr. Korpal also researched the "knowing" element of the charge, and <u>both</u> Mr. Korpal and Davey testified that they discussed this element and whether the jury would find a reasonable doubt as to whether Davey believed that the police officer was only 15 ½ years old, and whether Davey was going to warn the girl not to get on the Internet.  Therefore, Defendant's supplemental brief which states that "Mr. Korpal did not

6

discuss or investigate whether or not the U.S. could prove Davey 'knowingly' committed the charged offense" (Def. Supp. Motion to Withdraw at 2), completely contradicts Davey's testimony given during the evidentiary hearing, wherein Davey acknowledged that this issue was specifically discussed.  Based on testimony provided during the evidentiary hearing and the statements made during the change of plea hearing, this Court does not believe that Mr. Korpal stated, that he did not know how to defend Davey, nor that Mr. Korpal failed to adequately research the facts, issues, and defenses.  *See United States v. Cieslowski*, 410 F.3d 353, 359 (7th Cir. 2005), *cert. denied* (holding that to establish ineffective assistance in a plea bargain, a defendant must establish that counsel failed to learn facts about the case or failed to make a good-faith estimate of the likely sentence).  Further, Mr. Korpal's assessment as to the strength of the case, including the possible defenses, was based upon Mr. Korpal's experience and trial strategy and was his good-faith opinion, but not ineffective assistance.

Davey also asserts that Mr. Korpal was ineffective because he failed to raise an Eighth Amendment challenge to the mandatory minimum ten year sentence under 18 U.S.C. 2422(b).  Defendant claims that the mandatory minimum "shocks the conscience." Def. Supp. Motion to Withdraw at 3.  Mr. Korpal admitted during the evidentiary hearing that he thought that ten years was a harsh sentence, but that he did not consider an Eighth Amendment challenge because he was trying to defend Davey on the facts of the case before him.

This Court agrees with the Government that Davey's Eighth Amendment challenge is not ripe for discussion as Davey has yet to be sentenced.  There simply is no basis on which to allege that Mr. Korpal was ineffective for failing to make an argument regarding the propriety of the mandatory minimum sentence before Davey was ever sentenced. Additionally, the creation of mandatory minimum sentences is set by the legislature and the court has no discretion to sentence outside of the statutory range.  Lastly, even if the Court were to look at the merits of such an Eighth Amendment claim, it cannot agree that the mandatory minium sentence of ten years is either extreme or grossly disproportionate to the crime.  *See Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991).  Clearly, the legislature has determined that violations of 18 U.S.C. § 2422(b), requiring a Defendant's intent to actually engage in sexual activity with a minor, are deserving of a sentence relative to other sentences available for sex crimes.  *Compare,* 18 U.S.C. § 2423 (transportation with intent to engage in sexual activity), I.C. 35-42-4-3 (child molestation), I.C. 35-42-4-5 (vicarious sexual gratification), I.C. 35-42-4-6 (child solicitation), and I.C. 35-42-4-9 (sexual misconduct with a minor).  In looking at the gravity of the conduct here, Davey's engaging in a graphic sexual conversation with what was believed to be a 15 ½ year old female, making arrangements to meet the young girl for sex, and actually traveling to South Bend, Indiana with the intent to meet and have sex with the young girl, this Court finds that the mandatory minimum sentence does not violate the Eighth Amendment.  *See United States v. Collins*, 340 F.3d 672, 679-80 (8th

Cir. 2003), *r'hrng. denied*.

Davey also makes a meritless assertion that because Mr. Korpal did not charge enough money for the representation of Defendant's case, then Davey received ineffective assistance of counsel. Defendant has failed to cite any authority for such a proposition. "Perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)." *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991), *cert. denied* (citations omitted). This Court does not bear the obligation of researching and constructing the legal arguments open to the parties, especially when they are represented by counsel. *Beard v. Whitley County REMC*, 840 F.2d 405, 408-09 (7th Cir. 1988) (citations omitted). This is true even in the criminal context. *U.S. v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003), *cert. denied* (citing *Sanchez v. Miller*, 792 F.2d 694, 703 (7th Cir. 1986)). Not only has defendant presented this undeveloped argument unsupported by pertinent authority, the fact that Mr. Korpal charged an "insufficient retainer" or did not charge a substantial hourly billing rate, is not enough to support even an inference that Mr. Korpal did not have the incentive to properly defend the case, let alone to support Davey's contention that he received ineffective assistance.

Davey also asserts that because he received advice from some other un-retained outside counsel (that Davey should enter the plea and then later try to withdraw the plea), then this is sufficient to show that his ineffective assistance claim prevails. Specifically,

9

Davey states that the other attorney told Davey that "he could plead guilty then hire another attorney to better represent him in his case and assist in the withdrawal of his guilty plea." Def. Motion to Withdraw at 3. However, the fact that Davey chose to take the advise of outside counsel does not impede the voluntariness of his entering the plea, nor constitute ineffective assistance. Mr. Korpal confirmed that he had discussed with Davey the nature of the plea agreement, and specifically testified that he recalled telling the Defendant the nature of the consequences if he chose not to plead guilty, and of the likely benefit of getting the mandatory minimum sentence if Davey took the plea. Davey also testified that his consultations with Mr. Korpal and with the other attorneys occurred before the plea hearing, and yet Davey voluntarily and without hesitation continued with the plea hearing.

Most importantly, despite the many protestations by Davey alleging ineffective assistance of counsel, as previously specified, the bottom line is that during his plea colloquy Davey did not express any dissatisfaction with his counsel. In fact, Davey was specifically asked by this Court whether he had a full opportunity to confer with his counsel about the guilty plea hearing, and Davey replied that he had conferred with his counsel. Gov't Opp. at 2 (citing Guilty Plea Trans. at 9). Davey was also asked by this Court whether he believed that his counsel, Mr. Korpal, was "effective" in representing him, to which Davey responded in the affirmative. *Id.* Davey had ample opportunity at the change of plea hearing to inform this Court that he did not have sufficient information

10

with which to make a rational plea decision, or that his counsel had not provided the proper assistance needed to make such a decision. Instead of taking advantage of that opportunity, Davey expressly asserted the contrary. *See United States v. Winston*, 34 F.3d 574, 578 (7th Cir. 1994) (citations omitted) (holding that district courts do not and need not treat lightly responses given under oath at a hearing conducted pursuant to Rule 11). Any contention that Mr. Korpal's performance was objectively unreasonable stands in sharp contrast to Davey's testimony during his plea colloquy, at which time he affirmed under oath that counsel was indeed effective. *See Carroll*, 412 F.3d at 793.

Accordingly, because Davey has failed to demonstrate both that counsel's performance was "objectively unreasonable" and that, but for counsel's errors, the defendant would not have pleaded guilty, his Motion to Withdraw is denied on the grounds of ineffective assistance of counsel.

### 2) **Voluntariness in Entering Plea Agreement**

Davey asserts that "the level of assistance [he] received from his counsel was not of the extent to which he could overcome prosecutorial influence and make an intelligent choice in regards to the plea." Def. Motion to Withdraw at 4. Specifically, Davey argues that in conjunction with his attorney's ineffective assistance and because he was told by his attorney that the prosecutor was planning on seeking a twenty year sentence, Davey was improperly induced into entering the plea of guilty by the threat of an increased sentence. *Id.* at 4-5.

11

The Court has already laid to rest any allegation that Davey did not receive effective assistance. Furthermore, again, the change of plea colloquy contradicts Davey's contentions. Specifically, during the change of plea hearing this Court asked Davey if anyone had improperly threatened, intimidated or coerced him into withdrawing his previously entered plea of not guilty to the charge, and to entering a plea of guilty. Gov't Opp. at 3 (citing Guilty Plea Trans. at 3). And Davey responded in the negative. *Id.* Further, this Court asked whether anyone had improperly attempted to intimidate or require him to improperly plead guilty. *Id.* Again, Davey responded in the negative. *Id.*

Once again, representations and admissions made by Davey in his plea agreement and during his change of plea hearing are entitled to a presumption of verity. *See United States v. Pike*, 211 F.3d 385, 389-90 (7th Cir. 2000). Further, the view of the Seventh Circuit is that "courts will satisfy themselves that pleas of guilty are voluntarily and intelligently made by competent defendants with adequate advice of counsel and that there is nothing to question the accuracy and reliability of the defendants' admissions that they committed the crimes with which they are charged." *Brady v. United States*, 397 U.S. 742, 758 (1970) (holding that a plea of guilty is not invalid merely because it was entered into in order to avoid the possibility of a death penalty). This Court so satisfied itself in this instance. In this case, nothing in the record impeaches Davey's plea or suggests that his admissions in open court were anything but the truth. Furthermore, although this Defendant's plea of guilty may well have been motivated in part by a desire

12

to avoid a possible harsher penalty, this Court is convinced that his plea was voluntarily and intelligently made and has no reason to doubt that his solemn admission of guilt was truthful. Davey was advised by competent counsel, he was made aware of the nature of the charge against him, and there was nothing to indicate that he was incompetent or otherwise not in control of his mental faculties; and, Davey was aware of exactly what he was doing when he admitted that he was guilty of Count 1 of the Indictment which contained a mandatory minimum sentence of ten years, to a maximum sentence of life in prison. *See Brady*, 397 U.S. at 756. Therefore, Defendant's Motion to Withdraw is denied on the basis that the plea of guilty was voluntarily and intelligently entered into by Davey.

### 3) Adequacy of Plea Agreement's Factual Basis

Davey argues that the plea agreement contains an insufficient basis for an attempted crime under Indiana law. Defendant states that under Indiana's attempt statute, "a person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward the commission of the crime. . ." I.C. 35-41-5-1; *See* Def. Motion to Withdraw at 5. Further, "substantial step" in regards to the attempt statute is any overt act beyond mere preparation and in furtherance of intent to commit an offense. *See Asghar v. State*, 698 N.E.2d 879, 883 (Ind.Ct.App. 1998), *trans. denied*; *see also*, 7th Cir. Crim. Pattern Jury Instr. 4.07 (citing *U.S. v. Cea*, 914 F.2d 881 (7th Cir. 1990)).

13

For purposes of attempt, sending sexually explicit messages and making arrangements to meet in person constitutes a substantial step. *See United States v. Yost*, 479 F.3d 815 (11th Cir. 2007). Further, an actual minor is not required for a Section 2422(b) attempt conviction. *See United States v. Root*, 296 F.3d 1222, 1227 (11th Cir. 2002), *r'hrng. denied*, *cert. denied*. It is clear from the factual basis established in the plea agreement and during the guilty plea hearing that Davey sent sexually explicit messages to a female that he thought was 15 ½ years old and "attempted to persuade, induce, entice, or coerce" her to engage in sexual activity with him. *See* Petition to Enter Guilty Plea at ¶ 9(b)(1)-(13). Therefore, because the factual basis of the plea was adequate to secure a conviction, the Defendant's Motion to Withdraw is denied.

### 4) Plea Agreement as Illusory

Davey contends that his plea agreement was illusory because under the Guidelines he received no benefit from the agreement where he is charged with a crime in which he would be sentenced under a statutorily defined range. *See* Def. Motion to Withdraw at 6. Once again, defense counsel offers no supporting authority for this allegation. However, as previously discussed at length, Davey was well aware of the possible minimum and maximum sentence that could be imposed in this case, and the maximum was a life sentence in prison. With Davey's entering the plea of guilty, the Government agreed to recommend a sentence at the low-end of the applicable guideline range. *See* Petition to Enter Guilty Plea at ¶ 9(i)(2). Even though the guidelines are no longer mandatory or

determinative in sentencing,[2] they are to be considered by the sentencing court. In *Booker*, 543 U.S. at 264, the Court held, "the district courts, while not bound to apply the Guidelines must consult those Guidelines and take them into account when sentencing." Further, sentencing courts must calculate and consider the Guidelines range "even though the Guidelines are no longer mandatory." *U.S. v. Tyra*, 454 F.3d 686, 687 (7th Cir. 2006). Even though this case involved a mandatory minimum sentence, the plea agreement foreclosed the Government from arguing for a sentence above the statutory mandatory minimum. This was a benefit received by Davey in accepting the plea agreement. In choosing to forego the stress and anxiety of trial preparation and of trial, and in choosing to not risk the chance of a jury's finding Davey guilty and possibly receiving a sentence that could have been as harsh as a life sentence, Davey chose to take the benefit of having the Government recommend a sentence at the low-end of the Guideline range – based on his counsel's advice that the sentencing court would likely follow such a recommendation if Davey plead guilty. The plea agreement signed by the parties and accepted by this Court was not illusory, and Defendant's Motion to Withdraw is denied on this basis.

   5)   **Actual Innocence**

Lastly, to the extent that Davey alleges that he is actually innocent, the Court addresses the same. *See* Def. Supp. Motion to Withdraw at 5. Actual innocence is a valid ground for withdrawing a guilty plea. *United States v. Carroll*, 412 F.3d 787, 792 (7th

---

[2] *See U.S. v. Booker*, 543 U.S. 220 (2005).

Cir. 2005) (citing *United States v. Hodges,* 259 F.3d 655, 661 (7th Cir.2001)). "But a defendant's bare protestations of innocence-especially after a knowing and voluntary guilty plea in a thorough Rule 11 colloquy-will not suffice . . .The defendant must proffer some credible evidence." *Id.*

Other than his own denials with respect to Count 1 in the indictment, Davey introduced evidence of a favorable witness, Charles Black, willing to provide testimony regarding Davey's "doubts" as to the age of the online police officer posing to be a 15 ½ year old girl. Further, Davey asserts that during a recorded phone call at a South Bend pay phone, which was illegible on the discovery copy, Davey states that he did not want to meet the girl. However, this evidence, which not only contradicts Davey's earlier sworn testimony during the plea colloquy, also ignores the evidence that the Government would have offered at trial, including the fact that Davey engaged in a graphic sexual conversation with what he believed to be a 15 ½ year old female, he made arrangements to meet the young girl for sex, and he actually traveled to South Bend, Indiana to meet and have sex with the young girl. Even more importantly, Davey was well aware of his so-called favorable witness and of the recorded conversation <u>before</u> he entered his plea of guilty– this was not evidence newly discovered after the plea took place. And yet, Davey still chose to go forward with his plea of guilty, knowing the circumstances of his possible defenses. This Court does not find Davey's claim of innocence to be credible, especially in light of the fact that Davey was represented by able counsel, conferred with

his counsel regarding the case, and was informed of his likely chances of success at trial and of his possible penalties.

### III.  CONCLUSION

For the reasons stated herein, Defendant's Motion to Withdraw Plea of Guilty (Docket No. 34) is **DENIED**.  Accordingly, the sentencing of Defendant Derek Scott Davey shall take place on the 19th day of September, 2007, at 2:30 p.m. in South Bend, Indiana.

**SO ORDERED**.

**DATED: August 3, 2007**

                                                S/ ALLEN SHARP
                                     **ALLEN SHARP, JUDGE**
                                     **UNITED STATES DISTRICT COURT**